Filed 1/10/14  P. v. Soto CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C073581 |
| Plaintiff and Respondent, | (Super. Ct. No. SF122993A) |
| v. | |
| JUAN JOSE SOTO, | |
| Defendant and Appellant. | |

A complaint was filed alleging that defendant evaded a peace officer with wanton disregard for others' safety, with two prior serious felonies and four prior prison terms; drove under the influence of alcohol or drugs with two prior DUI convictions; drove with a blood-alcohol level of .08 percent or higher with two prior DUI convictions; committed misdemeanor vandalism, and resisted a peace officer, a misdemeanor.

Defendant pled guilty to evading an officer and admitted two prior prison term allegations in return for the dismissal of the remaining counts and allegations (with a

1

*Harvey*[1] waiver as to the vandalism count) and a five-year state prison term. The parties agreed that the factual basis for the plea was as follows: On February 7, 2013, at approximately 3:06 a.m., uniformed Stockton police officers, in a marked patrol car, were looking for a vehicle that matched the description given in a "shots fired" call. Seeing defendant's vehicle, which matched that description, the officers activated their lights and sirens. Defendant evaded the officers by driving 60 miles per hour on residential streets and running stop signs. He finally crashed into a fence and then fled on foot before being arrested.

As to the prior prison terms, the trial court found that on January 20, 1993, defendant was convicted of voluntary manslaughter, and on October 26, 1998, defendant was convicted of spousal abuse. After serving each term, defendant did not remain free of prison custody for five years.

The trial court imposed a five-year state prison sentence. The court awarded defendant 30 days of presentence custody credit (15 actual days and 15 conduct days). The court imposed a $308 restitution fine and a $308 suspended parole revocation restitution fine, a $40 court security fee, and a $30 criminal conviction assessment. The court also imposed victim restitution in an amount to be determined.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination

---

**1**     *People v. Harvey* (1979) 25 Cal.3d 754.

of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


     ROBIE     , J.


We concur:


     NICHOLSON     , Acting P. J.


     DUARTE     , J.